## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

RING TECHNOLOGY ENTERPRISES OF
TEXAS, LLC,

        Plaintiff,

A-DATA TECHNOLOGY (U.S.A.) CO.,
LTD., et al.,

        Defendant.

Civil Action No. 2:09-CV-383-TJW-CE

**JURY TRIAL DEMANDED**

### Samsung's Answer, Affirmative Defenses, and Counterclaims
### to Plaintiff's Complaint for Patent Infringement

Defendants Samsung Electronics Co., Ltd., Samsung International, Inc., and Samsung

Semiconductor, Inc. (collectively "Samsung") respond to the Complaint of Plaintiff Ring

Technology Enterprise of Texas, LLC ("Ring") as follows:

**Parties**

1.      Samsung is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore denies them.

2-12.  Each of these paragraphs sets forth allegations directed to a party other than

Samsung and therefore no response is required.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16-29.  Each of these paragraphs sets forth allegations directed to a party other than

Samsung and therefore no response is required.

30.     Admitted that Samsung Electronics Co., Ltd. is a limited liability corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-dong, Youngtong-gu, Suwon, Kyunggi-Do, 443-742, Korea.  Samsung denies all remaining allegations in this paragraph.

31.     This paragraph sets forth allegations directed to a party other than Samsung and therefore no response is required.

### Jurisdiction and Venue

32.     Samsung admits that the Complaint purports to allege patent infringement under the patent laws of the United States, Title 35 of the United States Code.  Samsung further admits that the Complaint alleges subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Samsung denies that the Complaint properly states such claims, and specifically denies any wrongdoing or infringement.

33.     Samsung admits that the Complaint alleges venue under 28 U.S.C. §§ 1391(c) and 1404(b), but denies that this District is the most convenient venue for adjudication of the claims raised by Ring in this action.  Samsung denies the remaining allegations in this paragraph.

34.     Samsung admits that Samsung Semiconductor, Inc. conducts business in the State of Texas as well as other states.  Except as so admitted, Samsung denies the remaining allegations in this paragraph, and denies that it has committed any acts of infringement within the Eastern District of Texas or elsewhere.

### Count I:  Alleged Infringement of U.S. Patent No. 6,879,526

35.     Samsung admits that U.S. Patent No. 6,879,526 ("the '526 patent"), attached to the Complaint as Exhibit A, is entitled "Methods and Apparatus for Improved Memory Access."  Samsung further admits that the '526 patent, on its face, states that it issued April 12, 2005.

Samsung is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph and therefore denies them.

36-46.  Each of these paragraphs sets forth allegations directed to a party other than

Samsung and therefore no response is required.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51-64.  Each of these paragraphs sets forth allegations directed to a party other than

Samsung and therefore no response is required.

65.     Denied.

66.     Samsung is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore denies them.

67.     Samsung is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore denies them.

68.     Samsung denies that Ring has any right to request a finding of willful

infringement against Samsung at time of trial.  Samsung denies any remaining allegations in this

paragraph.

69.     Denied, with respect to Samsung.

70.     Denied, with respect to Samsung.

### Response to Ring's Prayer for Relief

Samsung denies that Ring is entitled to any judgment or relief and denies the allegations

contained in paragraphs 1-5 of Ring's Prayer for Relief, with respect to Samsung.

### Defenses and Affirmative Defenses

### First Defense:  Failure to State a Claim

71.     Ring's Complaint fails to state a claim upon which relief can be granted.  Ring

fails to identify any claim of the '526 patent that is or has been infringed by Samsung and fails to

identify any Samsung products.

### Second Defense:  Non-infringement

72.     Samsung has not infringed and is not infringing, directly or indirectly, any valid

claims of the '526 patent.

### Third Defense:  Invalidity

73.     The '526 patent is invalid for failing to comply with 35 U.S.C. § 101 et seq.,

including §§ 102, 103 and/or 112.

### Fourth Defense:  Prosecution History Estoppel

74.     Ring is estopped from asserting that Samsung has infringed or is infringing,

directly or indirectly, one or more claims of the '526 patent based on admissions, amendments,

arguments, and/or other statements made to the United States Patent and Trademark Office

during the prosecution of the application leading to, or related to, the issuance of the patent.

### Fifth Defense:  Laches

75.     On information and belief, Ring delayed filing suit for an unreasonable and

inexcusable length of time from the time they knew or reasonably should have known of

Samsung's alleged infringing activities, and the delay has operated to the prejudice or injury of

Samsung.

**Sixth Defense:  Inequitable Conduct**

76.     The '526 patent is unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '526 patent, one or more of the named inventors, prosecuting attorneys, and/or others substantively involved in prosecuting the application leading to the '526 patent were aware of material information, but withheld, concealed and/or mischaracterized that information with the intent to deceive the U.S. Patent and Trademark Office.  In particular, one or more of the named inventors, prosecuting attorneys, and/or others substantively involved in prosecuting the application leading to the '526 patent were aware of, but failed to disclose, information material to the patentability of the '526 patent, including rejections of substantially similar claims by a different examiner in two related, co-pending applications and the material prior art that was the subject of those rejections.

77.     On October 31, 2002, the same day that the application leading to the '526 patent was filed, the named inventors, prosecuting attorneys, and/or others substantively involved in prosecuting the application leading to the '526 patent also filed: (1) Application Number 10/284,278 ("the '278 application"), which issued as U.S. Patent No. 7,415,565; and (2) Application Number 10/284,268 ("the '268 application"), which has not yet issued.  The inventive entities named on both the '268 and '278 applications include William Thomas Lynch and David James Herbison, the co-inventors named on the '526 patent. The '268 and '278 applications are highly material to the patentability of the '526 patent.  For example, the '268 and '278 applications are directed to subject matter substantially similar to the '526 patent, especially claim 12 of the '278 application and claims 4 and 5 of the '268 application, which are substantially similar to claim 1 of the '526 patent.

78.     The application leading to the '526 patent was assigned to Examiner Connie

Yoha.  The related, co-pending '268 and '278 applications were assigned to a different examiner,

Examiner Christian Chace.

79.     On March 18, 2005, Examiner Chace rejected claim 12 of the '278 application as

not patentably distinct from claims 1, 52, 54, 56, and 58 of the application leading to the '526

patent.  Examiner Chace also rejected claim 13 of the '278 application as not patentably distinct

from claims 38, 55, 57, 59, and 60 of the application leading to the '526 patent.  These rejections

further establish the materiality of the '278 application to the patentability of the '526 patent.

80.     On the same date, March 18, 2005, Examiner Chace rejected claim 4 of the '268

application as not patentably distinct from claims 1, 52, 54, 56, and 58.  Examiner Chace also

rejected claim 5 of the '268 application as not patentably distinct from claims 38, 55, 57, 59, and

60.  These rejections further establish the materiality of the '268 application to the patentability

of the '526 patent.

81.     On March 18, 2005, Examiner Chace rejected claims 12, 13 and others of the '278

application as anticipated by U.S. Patent No. 4,796,231 entitled "Serial Accessed Semiconductor

Memory With Reconfigurable Shift Register," filed on June 25, 1987 and issued on January 3,

1989 to Pinkham ("the Pinkham patent").

82.     On the same date, on March 18, 2005, Examiner Chace rejected claims 4-6 and

others of the '268 application as anticipated by the Pinkham patent.

83.     Despite their knowledge of the '268 and '278 applications and the March 18, 2005

rejections and their materiality, the named inventors, prosecuting attorney (the same prosecuting

attorney handled all three applications), and/or others substantively involved in prosecuting the

application leading to the '526 patent did not disclose Examiner Chace's rejections or the

6

Pinkham reference to Examiner Yoha, the examiner of the application leading to the '526 patent.

Examine Chace's rejections were highly material to the subject matter of the '526 patent because,

*inter alia,* the rejected claims were substantially similar to the claims pending in the application

leading to the '526 patent.  The withholding and/or omission of the Pinkham reference and the

rejections of substantially similar claims by a different examiner in related, co-pending

applications with the intent to deceive the examiner of the application leading to the '526 patent

constitutes inequitable conduct.

84.     The Pinkham patent is also highly material to the subject matter of the '526 patent

because, *inter alia*, this patent describes an apparatus comprising one or more memory devices

and one or more shift registers associated with the memory devices and capable of shifting data.

The high materiality of the Pinkham patent is further established by the PTO's rejection of

claims of Application Number 11/030,881, a continuation of the application leading to the '526

patent, in view of the Pinkham patent.  The withholding and/or omission of this material prior art

with the intent to deceive the examiner of the application giving rise to the '526 patent constitutes

inequitable conduct.

### Seventh Defense:  Failure to Mark or Provide Notice

85.     On information and belief, Ring's right to seek damages is limited by its failure to

mark its products or otherwise provide Samsung notice of the '526 patent.

### Eighth Defense:  Adequate Remedy at Law

86.     Ring is not entitled to injunctive relief and has an adequate remedy at law for any

alleged injury.

### Reservation of Rights

87.     Samsung reserves the right to add additional defenses revealed through discovery.

**Counterclaims**

88.     Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung International, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung") counterclaim against Plaintiff and Counterclaim Defendant Ring Technology Enterprise of Texas, LLC ("Ring") as follows:

**Parties**

89.     Samsung Semiconductor, Inc. is a California corporation with its principal place of business at 3655 N. 1st Street, San Jose, CA 95134-1713.

90.     Samsung International, Inc. is a New Jersey corporation with its principal place of business at 10220 Sorrento Valley Rd Ste 100, San Diego, Ca 92121.

91.     Samsung Electronics Co., Ltd. is a limited liability corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-dong, Youngtong-gu, Suwon, Kyunggi-Do, 443-742, Korea.

92.     Upon information and belief, Plaintiff and Counterclaim Defendant Ring is a Texas limited liability company having a principle place of business at 719 West Front Street, Suite 274, Tyler, Texas 75702.

**Jurisdiction and Venue**

93.     These counterclaims arise under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a). This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as they arise under an Act of Congress relating to patents.

94.     Samsung maintains its right to seek a transfer of venue on forum non conveniens grounds to the Northern District of California pursuant to 28 U.S.C. § 1404.  In the event of such

transfer, Samsung consents to the transfer of its counterclaims set forth herein to the Northern

District of California.  To the extent that this action remains in this District, venue is appropriate

because Ring has consented to the propriety of venue in this Court by filing its claim for patent

infringement in this Court, in response to which these counterclaims are asserted.

95.     Ring has consented to personal jurisdiction in this District by filing the

Complaint.

96.     An actual and justiciable controversy exists between Ring and Samsung

concerning the alleged infringement, validity, and enforceability of the '526 patent by virtue of

Ring's allegation of infringement.

### First Counterclaim
### (Declaratory Judgment of Non-Infringement)

97.     Samsung realleges and incorporates herein by reference the allegations in

paragraphs 71-96 above.

98.     The '526 patent was issued by the USPTO on April 12, 2005. Ring claims to be

the owner by assignment of the '526 patent.

99.     Samsung has not directly infringed, contributed to infringement or induced

infringement of any valid claim of the '526 patent, nor is Samsung directly infringing,

contributing to infringement, or inducing infringement of any valid claim of the '526 patent.

100.    Ring has asserted that Samsung infringes one or more claims of the '526 patent.

Thus, an actual controversy exists between Samsung and Ring regarding the alleged

infringement of the claims of the '526 patent.

101.    Because there exists a real and justiciable controversy between the parties, and

pursuant to 28 U.S.C. § 2201 et seq., Samsung is entitled to a declaration that the '526 patent is

not, and has not been, infringed by Samsung.

**Second Counterclaim**
**(Declaratory Judgment of Invalidity)**

102.     Samsung realleges and incorporates herein by reference the allegations in paragraphs 71-101 above.

103.     Each of the claims of the '526 patent are invalid or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, Sections 102, 103 and/or 112.

104.     Ring has asserted that Samsung infringes the '526 patent. Thus, an actual, controversy exists between Samsung and Ring regarding the alleged validity of the '526 patent.

105.     Because there exists a real and justiciable controversy between the parties, and pursuant to 28 U.S.C. § 2201 et seq., Samsung is entitled to a declaration that the claims of the '526 patent are invalid.

**Exceptional Case**

106.     This case is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Ring's assertion of the '526 patent against Samsung with the knowledge that the '526 patent is invalid and unenforceable.

**Demand for Jury**

107.     Samsung requests a jury to hear its counterclaims.

**Prayer for Relief**

WHEREFORE, Samsung respectfully request that this Court enter judgment against Ring as follows:

A.     Dismiss the Complaint with prejudice;

B.      Declare that Samsung has not and does not infringe any claim of the '526 patent,

directly or indirectly, literally or by equivalents;

C.      Declare that each and every claim of the '526 patent is invalid and unenforceable;

D.      Award Samsung costs, together with reasonable attorneys' fees and all other

expenses for this suit because this case is exceptional under 35 U.S.C. § 285; and

E.      Award Samsung such other relief as this Court may deem just and proper.


                            Respectfully submitted,

                            _____
                            Scott E. Stevens
                            State Bar No. 00792024
                            Stevens Love
                            P.O. Box 3427
                            Longview, Texas  75606
                            Telephone: (903) 753-6760
                            Facsimile: (903) 753-6761
                            scott@stevenslove.com

                            QUINN EMANUEL URQUHART OLIVER &
                            HEDGES, LLP

                            Kevin P.B. Johnson
                              kevinjohnson@quinnemanuel.com
                            555 Twin Dolphin Drive, 5th Floor
                            Redwood Shores, California  94065-2139
                            Telephone: (650) 801-5000
                            Facsimile: (650) 801-5100

                            Sean S. Pak
                              seanpak@quinnemanuel.com
                            50 California Street, 22nd Floor
                            San Francisco, California  94111
                            Telephone: (415) 875-6600
                            Facsimile: (415) 875-6700

                            Attorneys for Samsung Electronics Co., Ltd.,
                            Samsung International, Inc., Samsung
                            Semiconductor, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 11th day of March, 2010.

Scott E. Stevens